UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION
_____

MAURICE EDWARDS,                  )
                                  )
            Plaintiff,            )        Case No. 1:09-cv-1067
                                  )
v.                                )        Honorable Paul L. Maloney
                                  )
GRAND RAPIDS COMMUNITY            )
COLLEGE,                          )        **<u>MEMORANDUM OPINION</u>**
                                  )
            Defendant.            )
_____)


      This is a civil action alleging wrongful termination of plaintiff's employment by defendant Grand Rapids Community College (GRCC). Plaintiff's first amended complaint, filed by leave of court after the Rule 16 scheduling conference, alleges claims against GRCC under Title VII of the Civil Rights Act of 1964, as well as claims under 42 U.S.C. §§ 1981 and 1983. Presently pending before the court is plaintiff's motion for leave to add four individual defendants (Faye Davis, Kathy Keating, Cynthia Springer, and Tom Smith) for purposes of alleging claims against them for due process and equal protection violations under 42 U.S.C. § 1983. Chief Judge Paul Maloney has referred the motion to me for decision pursuant to 28 U.S.C. § 636(b)(1)(A). The matter was set for hearing on Wed., May 26, 2010, at 3:00 p.m., but plaintiff's counsel informed the court one hour before the hearing that he would be unable to attend because of a scheduling error. The court elects to decide the motion to amend without oral argument pursuant to W.D. Mich. LCivR 7.3(d), as the information before the court is sufficient for adjudication of the motion.

**Findings of Fact**

Plaintiff, Maurice Edwards, was employed by defendant GRCC as a custodian from approximately 1997 until the termination of his employment on May 7, 2008, allegedly for sleeping on the job and falsifying time records. Plaintiff initiated this action on November 20, 2009, by filing a *pro se* complaint alleging race discrimination in violation of Title VII of the Civil Rights Act of 1964. Attached to the complaint were a right-to-sue letter issued by the EEOC on September 15, 2009, as well as related documents that plaintiff apparently provided to the EEOC during administrative proceedings.

After defendant filed an answer, the court scheduled this matter for a case management conference pursuant to Fed. R. Civ. P. 16. On the day of the conference (January 26, 2010), plaintiff appeared accompanied by Attorney Alison Folmar. Ms. Folmar indicated her intention to represent plaintiff in this proceeding, and she filed her appearance on the same day. Ms. Folmar participated fully in the scheduling conference. She informed the court that she did not foresee the need to join parties but asked for a period of time in which to consider filing an amended complaint. As a result of the case management conference, the court entered a case management order, which contained the following provision relevant to the pending motion:

>   2.   JOINDER OF PARTIES AND AMENDMENTS OF PLEADINGS: The time for filing motions to join parties is closed. Plaintiff may submit an amended complaint without leave of court no later than MARCH 1, 2010. Defendant will have fourteen days after service in which to respond. After that time, pleadings are closed.

(Case Management Order, docket # 20, ¶ 2). Pursuant to the leave granted in paragraph 2 of the case management order, plaintiff's counsel filed a first amended complaint (docket # 25) on February 16, 2010. The first amended complaint restated plaintiff's Title VII claim as well as adding an

employment discrimination claim under 42 U.S.C. § 1981 and due process and equal protection claims under 42 U.S.C. § 1983.[1]

On April 30, 2010, plaintiff's counsel filed the present motion to amend his complaint. The motion seeks to add as parties defendant Tom Smith, Kathy Keating, Faye Davis, and Cynthia Springer, all of whom are employed by defendant GRCC. The proposed complaint attempts to assert due process and equal protection violations against the additional defendants under 42 U.S.C. § 1983. Defendant has filed a brief in opposition to the motion, asserting that the motion violates paragraph 2 of the court's case management order and that the proposed pleading fails to state a claim against the proposed additional defendants.

## Discussion

Plaintiff's motion for leave to file a second amended complaint is made pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure and discusses only authorities decided under Rule 15. The Sixth Circuit has made it clear, however, that a motion to amend that is filed after the expiration of the amendment deadline set in the case management order must satisfy the stricter requirements of Rule 16(b) as well as the requirements of Rule 15(a). "Once the scheduling order's deadline passes, a plaintiff first must show good cause under Rule 16(b) for failure earlier to seek leave to amend before a court will consider whether amendment is proper under Rule 15(a)." *Leary v. Daeschner*, 349 F.3d 888, 909 (6th Cir. 2003). Consequently, as a prerequisite to being granted leave to add claims and parties to this case after the March 1, 2010 deadline established by the case

---

[1] The amended complaint also contained pendent state-law claims, which Judge Maloney dismissed after defendant filed a motion to dismiss and plaintiff indicated that he did not oppose the motion. (Order of Partial Dismissal, docket # 38).

management order, plaintiff must establish good cause for his failure to abide by the case management order deadline. "The primary measure of Rule 16's 'good cause' standard is the moving party's diligence in attempting to meet the case management order's requirements." *Andretti v. Borla Performance Indus., Inc.*, 426 F.3d 824, 830 (6th Cir. 2005). Consequently, although a court's case management order is not written in stone, neither is it a meaningless piece of paper that a party may ignore at his whim. Rather, the party seeking relief from a case management order must make a showing of good cause, demonstrating why the requirements of the order could not have reasonably been met despite the diligence of the party seeking the extension. *See Leary*, 349 F.3d at 907 (citing Fed. R. Civ. P. 16, Advisory Committee Notes (1983)).

As noted, plaintiff's brief does not invoke Rule 16, nor does it make an explicit attempt to demonstrate good cause for failure to name the additional defendants within the time set by the case management order. Plaintiff does attempt to argue that the motion to amend is "timely," by arguing that the "specific conduct" of the individual defendants was not known at the time the first amended complaint was filed. (Motion, docket # 43, ¶ 9). Plaintiff asserts that the role of the individual defendants only became clear after defendants filed their discovery responses. This bare assertion, however, does not stand up to scrutiny. Defendants' response (docket # 49) attaches documents, available to plaintiff even before the lawsuit was filed, that clearly disclose the involvement of each of the proposed additional defendants in the review and termination of plaintiff's employment. Some of the attached documents were authored by plaintiff himself, and others were addressed directly to him. The court further notes that the attachments to plaintiff's original *pro se* complaint directly accuse two of the additional defendants of wrongdoing. The Sixth Circuit has held that a party does not meet the good-cause standard where plaintiff was "obviously

-4-

aware" of the basis of his claim for many months but failed to pursue it. *Leary*, 349 F.3d at 908. The documents now before the court demonstrate that, had plaintiff and his counsel exercised diligence within the 45 days allowed by the case management order for amendment of pleadings, plaintiff could have framed claims against the additional defendants, whose identities and involvement were well known to plaintiff even before the lawsuit was filed. In these circumstances, plaintiff fails to show good cause.

In determining whether leave to amend should be granted, the court must also consider whether the opposing party will suffer prejudice. *Andretti*, 426 F.3d at 830; *Leary*, 349 F.3d at 906. Prejudice to the defendants in these circumstances is patent. Plaintiff seeks to upset the orderly progress of this case towards resolution by injecting claims against four new defendants sixty days before the close of discovery. This is not a situation in which a plaintiff seeks to refine or clarify claims against the original defendant. Rather, plaintiff seeks to bring in four new parties, whose interests may or may not align with those of GRCC and who may or may not be represented by the same counsel. Forcing the additional parties to defend themselves on such short notice would be clearly prejudicial.

If plaintiff truly believes that he has civil rights claims against the four GRCC employees, he is free to bring those claims in a separate lawsuit, in which those parties will be afforded sufficient time to answer the complaint, raise legal objections, and participate in discovery in an orderly fashion. Plaintiff's attempt to truncate this process by bringing those parties into this case after the time set by the case management order unduly prejudices their ability to defend themselves against plaintiff's claims.

Plaintiff's motion for leave to amend will therefore be denied, on the ground that plaintiff has failed to show good cause for amendment of the case management order as required by Fed. R. Civ. P. 16(b)(4). In light of this disposition, the court does not reach defendant's alternative argument that the second amended complaint fails to state a claim upon which relief can be granted against the additional defendants.

Dated:   May 27, 2010                             /s/  Joseph G. Scoville           
                                                                    United States Magistrate Judge