UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MAURICE EDWARDS,
        Plaintiff,

-v-

No. 1:09-cv-1067

HONORABLE PAUL L. MALONEY

GRAND RAPIDS COMMUNITY COLLEGE,
        Defendant.

ORDER ADOPTING REPORT AND RECOMMENDATION OVER OBJECTIONS

Plaintiff Maurice Edwards initiated this action against his former employer, Defendant Grand Rapids Community College, alleging wrongful termination. Defendant filed two motions for summary judgment, which were referred to the magistrate judge. The first motion for summary judgment addresses Plaintiff's due process claims. (ECF No. 58.) The second motion for summary judgment addresses Plaintiff's claims for race discrimination. (ECF No. 63.) The magistrate judge issued a report (ECF No. 96) recommending that Defendant's motion on the due process claims be granted and recommending that Defendant's motion on the race discrimination claims be denied. Defendant filed objections to the report. (ECF No. 102.) Plaintiff did not file objections.

**STANDARD OF REVIEW**

After being served with a report and recommendation (R&R) issued by a magistrate judge, a party has fourteen days to file written objections to the proposed findings and recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court judge reviews *de novo* the portions of the R&R to which objections have been filed. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Only those objections that are specific are entitled to a *de novo* review under the statute. *Mira v. Marshall*, 806 F.2d 636, 637 (6th Cir. 1986) (per curiam) (holding the district court need not provide

*de novo* review where the objections are frivolous, conclusive or too general because the burden is on the parties to "pinpoint those portions of the magistrate's report that the district court must specifically consider"). The United States Supreme Court has held that the statute does not "positively require[] some lesser review by the district court when no objections are filed." *Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file an objection results in a waiver of the issue and the issue cannot be appealed. *Sullivan*, 431 F.3d at 984; *see also Arn*, 474 U.S. at 155 (upholding the Sixth Circuit's practice). The district court judge may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

**ANALYSIS**

**FIRST MOTION FOR SUMMARY JUDGMENT (ECF No. 58)**

Defendant does not object to the magistrate judge's recommendation that the motion addressing Plaintiff's due process claims be granted. Plaintiff did not file any objections to the report. Because no objections have been filed to the portion of the report addressing Defendant's first motion for summary judgment, that portion of the report is **ADOPTED** as the opinion of this court. Defendant's first motion for summary judgment (ECF No. 58) is **GRANTED.** Plaintiff's due process claims are DISMISSED WITH PREJUDICE.

**SECOND MOTION FOR SUMMARY JUDGMENT (ECF No. 63)**

Defendant advances two objections to the magistrate judge's report. The court has reviewed the parties' briefs and exhibits, the report and recommendation, and Defendant's objections. The court finds the report factually accurate and the reasoning sound. Defendant's objections are adequately addressed in the report. Contrary to Defendant's first objection, the facts regarding who

had the authority to terminate Plaintiff are not undisputed. Defendant's second objection is also unpersuasive. Defendant objects to the conclusion that Plaintiff was similarly situated to Roy and Natte. Defendant insists the three individuals were all treated the same with regard to reporting of alleged misconduct. Defendant argues Plaintiff was terminated because a zero tolerance policy was in effect, which was not in place when the other two individuals acted in a similar manner. Defendant's objections do not view the evidence in the record in the light most favorable to Plaintiff. The magistrate judge carefully identifies how a reasonable trier of fact, relying on evidence in the record, could reach the opposite conclusion from Defendant's objections. Accordingly, Plaintiff's objections are **OVERRULED.** This portion of the report and recommendation is **ADOPTED** as the opinion of this court. Defendant's second motion for summary judgment (ECF No. 63) is **DENIED.**

    **IT IS SO ORDERED.**

Date: February 22, 2011                          /s/ Paul L. Maloney
                                                                               Paul L. Maloney
                                                                               Chief United States District Judge